**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY J. ZAMORA,<br><br>  Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 5:16-CV-02036 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In January of 2013, Plaintiff Nancy J. Zamora applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 26, 27). On September 27, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 25).

## II. BACKGROUND

Plaintiff applied for benefits on January 10, 2013, alleging disability beginning November 10, 2005. (T at 172-83).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On January 16, 2015, a hearing was held before ALJ Nancy Steward. (T at 33). Plaintiff appeared with her attorney and testified. (T at 37-56). The ALJ also received testimony from Victoria Rei, a vocational expert. (T at 56-61).

On March 11, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 13-32). The ALJ's decision became the

---

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

Commissioner's final decision on July 26, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On September 25, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on December 12, 2016. (Docket No. 14). Plaintiff filed a motion for summary judgment on May 18, 2017. (Docket No. 23). The Commissioner moved for summary judgment on June 19, 2017. (Docket No. 24).

After reviewing the pleadings, the parties' motion papers, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

**A.  Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of

such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be

disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C. Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 10, 2005, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2010 (the "date last insured"). (T at 18). The ALJ found that Plaintiff's spinal disorder, obesity, affective disorder, and anxiety disorder were "severe" impairments under the Act. (Tr. 18).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 19).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of medium work, as defined in 20 CFR § 404.1567 (c), as follows: she cannot work around hazards; she is limited to non-complex tasks that require reasoning skill levels of "one or two;" she is precluded from fast-paced work and limited to non-public work; and she is precluded from jobs that require teamwork, hyper-vigilance, or monitoring the safety of others. (T at 20-21).

The ALJ found that Plaintiff could not perform her past relevant work as a school bus driver. (T at 26). Considering Plaintiff's age (39 years old on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between November 10, 2005 (the alleged onset date) and March 11, 20156 (the date of the decision) and was therefore not entitled to benefits. (T at 27-28). As noted above, the ALJ's decision became the

8

DECISION AND ORDER – ZAMORA v BERRYHILL 5:16-CV-02036-VEB

Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.     Disputed Issue**

Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed. She contends that the ALJ did not properly assess the medical opinion evidence.

# IV. ANALYSIS

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based

substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, Dr. Geetha Puri, a treating psychiatrist, completed a mental work restriction questionnaire in January of 2015. Dr. Puri diagnosed bipolar disorder and assessed marked limitation with regard to Plaintiff's ability to remember work-like procedures, understand and remember short and simple instructions, maintain attention for 2-hour segments, maintain regular attendance and be punctual, and sustain an ordinary routine without special supervision. (T at 617). She opined that Plaintiff had severe limitation with respect to completing a normal workday without interruptions from psychologically based symptoms and marked limitations as to working with others. (T at 618).

The ALJ afforded little weight to Dr. Puri's opinion, finding it contradicted by the record as a whole. (T at 25). This Court finds the ALJ's decision supported by substantial evidence. First, the ALJ noted that Dr. Puri's restrictive assessment was

contradicted by her treatment notes, which do not document extreme symptoms or objective findings of marked or severe impairment over time. (T at 607-12). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, treatment notes were provided by Dr. Audrey King, another treating psychiatrist. Dr. King's treatment notes were generally unremarkable, with documented complaints of "anxiousness," but few extreme, abnormal findings of the sort one would expect if Plaintiff were as limited as Dr. Puri suggests. (T at 582-85).

Second, other physicians offered opinions contrary to Dr. Puri's. Dr. Thawaorn Rathana-Nakintara completed a consultative psychiatric evaluation in April of 2013. Dr. Rathana-Nakintara assigned a GAF score[3] of 75 (T at 580). A GAF between 71 and 80 indicates that if symptoms are present, they are transient and expectable reactions to psychological stressors (e.g., difficulty concentrating after family argument); no more than slight impairment in social, occupational, or school functioning (e.g., temporarily falling behind in schoolwork). *Bizonia v.*

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

*Astrue*, 2011 U.S. Dist. LEXIS 47700, 2011 WL 1656075, at *2 n.3 (C.D. Cal. May 3, 2011) (citing DSM-IV).

Dr. Rathana-Nakintara opined that Plaintiff would have no limitations performing work-related tasks or handling usual stresses, changes, or demands of gainful employment. (T at 580). Dr. Rathana-Nakintara described Plaintiff's prognosis as "good." (T at 581).

Two non-examining State Agency review physicians reviewed the record and assessed no mental functional limitations. (T at 70-72, 94-96). "The opinions of non-treating or non-examining physicians may … serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Third, the ALJ noted that Plaintiff had several significant gaps in seeking mental health treatment. Although Plaintiff contends this was caused by a lack of insurance, there are nevertheless gaps during sustained periods when she *was* insured, sought treatment for other ailments, but did not seek mental health

treatment. (T at 375-574). *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)("Although [claimant] provided reasons for resisting treatment, there was no medical evidence that … resistance was attributable to her mental impairment rather than her own personal preference, and it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'")(quoting SSR 96-7p).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Puri's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably

supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 9th day of April, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE